# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| JACQUELINE DONNELLY, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 05 C 3520 |
| | ) | |
| v. | ) | Judge Marvin E. Aspen |
| | ) | |
| FRANK SHIREY CADILLAC, INC., | ) | Magistrate Judge |
| | ) | Martin C. Ashman |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Jacqueline Donnelly, moves this Court to strike Defendant, Frank Shirey Cadillac, Inc.'s answers to certain paragraphs of her Complaint as violative of Rule 8(b) of the Federal Rules of Civil Procedure. Plaintiff further requests that this Court deem each improper answer to be an admission or, in the alternative, order Defendant to amend each improper answer so that it complies with Rule 8(b). Plaintiff also asks to be given leave instanter, pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, to amend paragraph 23 of Count I on its face to correct an error. For the reasons that follow, Plaintiff's motion to strike is granted and Plaintiff is given leave to amend paragraph 23 of Count I.

### I. Discussion

Plaintiff claims that Defendant's answers to paragraphs 2, 4, 5, 7, 9, 10, 11, 14, 23 of Count I, and 21, 22 and 23 of Count II of her Complaint are violative of Rule 8(b) in whole or in part. According to Rule 8(b), when answering a complaint, a party "shall admit or deny the averments upon which the adverse party relies. If a party is without knowledge or information

sufficient to form a belief as to the truth of an averment, the party shall so state and this has the effect of a denial." Fed. R. Civ. P. 8(b). Despite the seemingly straightforward and unambiguous options available to parties under Rule 8(b), some defense counsel persist in using unacceptable devices in their answers and, in so doing, violate Rule 8(b). Unacceptable devices now familiar in this district include: refusing to admit something that is alleged about a document on the grounds that the document "speaks for itself;"[1] demanding "strict proof" of an allegation; and declining to respond to an allegation because it "states a legal conclusion." *State Farm Mut. Auto. Ins. v. Riley*, 199 F.R.D. 276, 278-79 (N.D. Ill. 2001); *King Vision Pay Per View, Ltd. v. J.C. Dimitri's Rest., Inc.*, 180 F.R.D. 332, 333-34 (N.D. Ill. 1998). Where defense counsel fails to comply with Rule 8(b), it is within the Court's discretion to find that the defendant has not denied the plaintiff's allegation and deem that allegation admitted, per Rule 8(d) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 8(d).

Defendant's answers to paragraph 2 and paragraphs 21, 22, and 23 of Count II improperly claim that the documents referenced therein speak for themselves. Paragraph 2 states that this Court has jurisdiction over Plaintiff's Complaint, pursuant to 28 U.S.C. §§ 1331, 1337, 1343. Paragraphs 21 and 22 of Count II contain the text of the Americans with Disabilities Act, 42 U.S.C. § 12112(a). Paragraph 23 of Count II contains the text of *Gile v. United Airlines, Inc.*, 213 F.3d 365, 373 (7th Cir. 2000), a case interpreting and applying the Americans with

---

[1] As Judge Shadur wrote in *State Farm Mut. Auto. Ins. v. Riley*, "[t]his Court has been attempting to listen to [documents that speak for themselves] for years (in the forlorn hope that one will indeed give voice)--but until some such writing does break its silence, this Court will continue to require pleaders to employ one of the three alternatives that *are* permitted by Rule 8(b) in response to all allegations about the contents of documents (or statutes or regulations)." 199 F.R.D. 276, 279 (N.D. Ill. 2001).

Disabilities Act. Defendant refuses to admit or deny these four paragraphs, claiming that the statutes and case law speak for themselves. (Def.'s Answer ¶¶ 2, 21-23 (Count II).) As noted above, Defendant's answers are improper and violate Rule 8(b) and therefore must be amended.

Defendant's answer to paragraph 14 is similarly improper. Paragraph 14 alleges that a doctor filed a Family Medical Leave Act (FMLA) certification describing, among other things, Plaintiff's medical condition and her need for time off work. Defendant's answer to paragraph 14 denies that the doctor's report constituted a FMLA certification and then states that the substance of the report speaks for itself. (Def.'s Answer ¶ 14.) As discussed above, the report does not speak for itself and Defendant must amend its answer so as to comply with Rule 8(b).

Defendant's answers to paragraphs 5 and 10 include improper demands for strict proof. Paragraph 5 alleges that Plaintiff resides in Cook County, Illinois. Paragraph 10 alleges that Plaintiff was hospitalized in September 2002, discharged in October 2002, and returned to work in November 2002. Defendant claims that it lacks sufficient information to either admit or deny these allegations and then "demands strict proof thereof." (Def.'s Answer ¶¶ 5, 10.) The demand for strict proof is improper and its meaningless inclusion should be eliminated in the Amended Answer required by this opinion. *See Gracedale Sports and Entm't., Inc. v. Ticket Inlet, LLC*, No. 99 C 2781, 1999 WL 618991, at *1 (N.D. Ill. Aug. 9, 1999). In its Amended Answer Defendant must simply state whether it admits, denies, or lacks knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraphs 5 and 10.

Next, Defendant refuses to answer paragraph 4 and paragraph 23 of Count I on the grounds that they call for legal conclusions. (Def.'s Answer ¶¶ 4, 23 (Count I).) Refusing to answer an allegation because it calls for legal conclusions "flies in the face of the established

doctrine that legal conclusions are a proper part of federal pleading, to which Rule 8(b) also compels a response." *Id.* at *2 (citing *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Jackson v. Marion County*, 66 F.3d 151, 153-54 (7th Cir. 1995)). It follows that Defendant must amend its answers to these paragraphs and clearly state whether it admits, denies, or lacks sufficient information to form a belief as to the truth of an averment.

Finally, Defendant improperly states "objections" to Plaintiff's allegations in paragraphs 7, 9, and 11, and paragraph 23 of Count I. Paragraph 7 alleges that Plaintiff was employed for a certain number of hours and months preceding "her requests for intermittent and/or reduced schedule leave under the FMLA." Defendant objects to this quoted phrase on the grounds that it is vague and ambiguous, and then denies the allegations contained in paragraph 7. (Def.'s Answer ¶ 7.) Paragraph 9 alleges that Defendant met the FMLA's definition of "employer" in "the year or years of the illegal conduct asserted [in Plaintiff's Complaint], or in the preceding years." Defendant objects to paragraph 9, claiming that the terms "year or years of the illegal conduct" and "preceding years" are vague and ambiguous, and then, subject to and without waiving the objection, denies paragraph 9. (Def.'s Answer ¶ 9.) Paragraph 11 alleges that Plaintiff kept Defendant apprised as to her medical condition and expected return date "[d]uring her hospitalization and time off work." Defendant objects to the quoted language as vague and ambiguous, acknowledges only that Plaintiff did not work in the Fall of 2002, and denies the remaining allegations. (Def.'s Answer ¶ 11.) Finally, paragraph 23 of Count I alleges that, based on paragraphs 1 through 22 of Count I, "at the time [Plaintiff] first requested intermittent leave in early 2002 and continuing through to her termination, [Plaintiff] was entitled to a total of 12 weeks leave under . . . the FMLA." Defendant first objects to paragraph 23 of Count I, claiming

that the terms "at the time [Plaintiff] first requested intermittent leave" and "early 2002" are vague and ambiguous, and then denies the allegations contained in the paragraph. (Def.'s Answer ¶ 23 (Count I).) In her reply brief, Plaintiff admits that paragraph 23 of Count I should read "early 2004" and not "early 2002" and asks to be given leave instanter to make that correction. (Pl.'s Reply at 7.)

"Objection" is an improper response that does not appear in Rule 8(b). While an objection to a "vague and ambiguous" allegation might suggest lack of knowledge or information sufficient to form a belief as to the truth of an averment, it is Defendant's obligation to answer the complaint with one of the three permissible responses set out in Rule 8(b). Accordingly, the Court strikes Defendant's objections and requires Defendant to amend its answers to paragraphs 7, 9, and 11, and paragraph 23 of Count I (which will be amended to correct other flaws discussed above, as well).

For the reasons set out above, the Court strikes Defendant's answers to paragraphs 2, 4, 5, 7, 9, 10, 11, 14, 23 of Count I, and 21, 22, and 23 of Count II of Plaintiff's Complaint. As Defendant's answer to paragraph 23 of Count I is stricken, the Court grants Plaintiff leave instanter to amend "early 2002" to read "early 2004" in that paragraph.

Though we grant Defendant leave to amend its Answer, this Court is disheartened by Defendant's failure to follow Rule 8(b) and by Defendant's attempt to defend its use of answers explicitly deemed improper by the courts of this district. Rule 8(b) is straightforward and easy to follow and the Court trusts that Defendant will quickly correct and amend its improper answers to paragraphs 2, 4, 5, 7, 9, 10, 11, 14, 23 of Count I, and 21, 22, and 23 of Count II of Plaintiff's

Complaint. Defendant is given fourteen days to do so. Defendant is admonished to follow the rules in the future and to refrain from frivolously defending obvious procedural rule violations.

## II. Conclusion

For the reasons stated above, Plaintiff is given leave instanter to amend her Complaint on its face so that paragraph 23 of Count I reads "early 2004" instead of "early 2002," Plaintiff's motion to strike is granted, and Defendant is given fourteen days to amend its Answer.

**ENTER ORDER:**

_____
**MARTIN C. ASHMAN**
United States Magistrate Judge

Dated: September 29, 2005.

Copies have been mailed to:

| | |
|---|---|
| TIMOTHY J. COFFEY, Esq.<br>The Coffey Law Office, P.C.<br>577 Pennsylvania Avenue<br>Suite 204<br>Glen Ellyn, IL  60137<br><br>Attorney for Plaintiff | LORI A. VANDERLAAN, Esq.<br>Best, Vanderlaan & Harrington<br>25 East Washington Street<br>Suite 210<br>Chciago, IL  60602<br><br>Attorney for Defendant |